UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVIE L. JONES,

        Petitioner,                              Case No. 1:14-cv-1085

v.                                               Honorable Paul L. Maloney

CATHLEEN STODDARD,

        Respondent.
_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at Carson City Correctional Facility.

Following a jury trial in the Muskegon County Circuit Court, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On August 9, 1999, Petitioner was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to enhanced, concurrent prison terms of 25 to 75 years for the murder conviction and 20 to 50 years for the robbery conviction, and a consecutive two-year term for the felony-firearm conviction.

Petitioner filed his first habeas petition under § 2254 on April 28, 2003. *See Jones v. Price*, No. 1:03-cv-283 (W.D. Mich.). The Court found that two of Petitioner's grounds for relief were not exhausted, because they had not been fairly presented to the Michigan state courts. The

Court therefore dismissed the petition without prejudice for lack of exhaustion. *Id.* (Opinion and Order, May 12, 2003).

After returning to state court to address his unexhausted claims, Petitioner filed a second habeas petition on May 7, 2007. *See Jones v. Jones*, No. 1:04-cv-309 (W.D. Mich.). Following a full review of the trial and appellate records, the Court denied the petition, because the grounds raised were procedurally defaulted and/or without merit. *Id.* (Op. & Ord. Adopting R&R July 30, 2007).

Petitioner now has filed a "Motion to Vacate, Set Aside, and Correct his Sentence Which Was Based on Inaccurate Information Pursuant to Rule 35 of Federal Rules of Criminal Procedure." (Pet., docket #1, Page ID#1.) Because Petitioner was not tried in federal court, the Federal Rules of Criminal Procedure, including Rule 35, are not applicable to him. Moreover, because he seeks relief from the sentence imposed by a judgment of the state court, his action can only be construed as a habeas corpus petition under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus); *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006) (holding that, if a state prisoner is "in custody pursuant to the judgment of a State court," his habeas petition is subject to the procedural requirements of § 2254. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), his

2

current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits,

---

[1]When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions).

Petitioner's previous habeas action was dismissed because the claims were either procedurally defaulted or without merit. Thus, the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

  December 5, 2014                          /s/ Paul L. Maloney
Date                                        Paul L. Maloney
                                            Chief United States District Judge

4